Here's our next case. Ms. Pollack. May it please the court and counsel, Elizabeth Pollack of the Federal Defender's Office for the Central District of Illinois on behalf of Somewhere in a courthouse in Urbana, there is a chart. It is a chart that the district court referred to as keeping itself to compare defendants who appeared before it to be sentenced under the career offender guideline. I've never seen that chart. The government didn't see that chart. The court did not present that chart. And when the court referenced the chart, it came as a surprise because it had not been previously mentioned in the court's ruling. When the court brought that chart up in sentencing Suppose the judge had said, I have a distinct memory of five other very similar cases where I've imposed sentences like this. Would you be entitled to, say, take the judge's deposition to find out what those five were? I don't think that's what we're asking you to do here, Your Honor. Would you answer my question and then you can tell me why you think it's not the same as what you're asking? No, I don't think I can impose a federal judge. Then the question is, what difference does it make that the judge has written his memory down on paper rather than just relying entirely on his memory? The difference is that when the judge mentioned this chart, which was based on his own statements one of the sole reasons why the sentence of 20 years was imposed and then the judge asked, did you have any reason for clarification? And counsel said, yes. Said, can you please address those five individuals? Because if in fact the court is relying on sentences of other people in determining this case then it's only right that we should be able to distinguish that, that we should be able to apply those cases. Well, then you have to answer my first question the other way. Because when the judge says, I remember imposing similar sentences on five other defendants, you have to say, well, then we're entitled to find out from the judge what those people were, who they were. In other words, to take the judge's deposition about what his memory is, right? The question I'm asking is why, when you answer no to that question, why it matters that the judge has jotted down notes to help his memory? It matters because when the judge is relying on those notes in imposing a sentence where in a case the previous sentences of other defendants were directly raised by both parties, both parties attempted to compare and contrast Mr. Farrington to other individuals who had appeared in front of the district court on previous occasions. When that was raised and then the judge referred to a chart in his possession, but then when said, can you please compare Mr. Farrington to those other individuals, and the judge declined to answer that question, then it becomes a matter of information that was not provided to either party with which to defend the positions that they had advanced. As I say, then I think you have to answer the memory question differently. You have to say you're entitled to know exactly who those five defendants were and exactly what the sentences were, whether the judge has written their names down or not. That does not entail taking the judge's deposition, Your Honor. That entails the judge having used facts in deciding a case. It just entails access to the judge's private notes. I must say I've written down on this computer cases that I remember that are similar. Are you entitled to a copy of my notes? Well, I would say that at the appellate level that's not relevant, because at the district court level, when you are comparing a defendant in your district to other defendants that have previously come before the same judge in your district, then the judge relies on those sentences. Counsel, the question on appeal is whether a sentence is reasonable. We have a lot of precedence about whether sentences are reasonable. I make notes about some of them. I write them down. And in other cases, I have memories about them. Normally, one would say that those notes are privileged communications within the court. But I now say in open court I remember some of those cases. Indeed, I hope I remember many of those cases. Are you now entitled to my notes? No, because your notes would have been previously documented in a published opinion, one would hope, that I can reference easily by going on Westlaw. Not necessarily. My notes differ from the contents of the opinion. I think we're going down a rabbit hole that is irrelevant, Your Honor. I think what is relevant here is that when you are trying to compare a client or a defendant to other people that have come in front of the judge, and the judge himself brings up the idea that he is referencing other people who have documented outcomes. This is not did the judge think this in a certain case. It's documented outcomes. Docket sheets are available. Names are available. We can easily, just as with Your Honor's analogy in appellate court, go to the decision on Westlaw and read the reasoning behind those decisions. If I had the names, I could have gone to the docket sheet and figured out, based on their criminal histories, whether they were or were not distinguishable from Cartavius Farrington. And in previous experience, having litigated in that district, as pointed out in the briefs, the judge at issue had considered multiple arguments about the history of nonviolence being relevant and had given much lower sentences than the one Mr. Farrington received. That was the whole point of the exercise. However, the judge referenced, no. In fact, my decisions were about on an even keel with this one. That's why I'm imposing this 20-year sentence. And in doing so, the judge himself raised the issue of comparing Mr. Farrington's case to other documented outcomes in criminal cases before the court. That's why it became relevant. And it could have been checked, and it was specifically inquired of the district court when the district court said, do you need any other explanation? Can I clarify anything? And counsel specifically raised the issue and said, yes, I'd like you to compare Mr. Farrington's case to those other cases that the court referenced, to which the court did not answer. So the court said, well, I took into account his history of nonviolence. That didn't answer the question. The question was, please compare. The answer was not given. And then you reach the question of, well, exactly how much is a defense attorney supposed to fight a sitting district judge in front of him trying to obtain the answer? We could go on an endless, circuitous route of, now that I answer your question, no. Now that I answer your question, no. So once it was raised, once the ruling was given, the exception was taken under Federal Rule 51, that's it. The exception was raised. It is de novo review. And when the court does not provide the information upon it which it relied, then that is a procedural error. And it is also a violation of due process. That is where we are right now with Mr. Farrington's case. So the fact of the matter is that the court itself inserted the idea of comparing other defendants' sentences in similar cases, which is a 3553A argument dealing with disparities between different individuals, and then did not provide the information to either party, none of which either party has ever seen and which this court cannot review. That is why it is a procedural error and requires a resentencing. Thank you. Thank you, Ms. Pollack. Ms. Boyle. Good morning, Your Honors. May it please the Court, Kathryn Boyle on behalf of the United States. First of all, Mr. Farrington has waived or at the very least forfeited his challenge to the district court sentencing procedure in this case. But under any standard of review, the district court did not err in sentencing Mr. Farrington to a guideline range to a sentence 22 months below the bottom of the guideline range where the court relied on the career offender guidelines, the 3553A factors, and adequately explained his reasoning, including his reliance on other cases. Among the circumstances the court considered, Mr. Farrington was a career offender and drug dealer who fled from law enforcement with 100 grams of crack cocaine and 13 grams of powder cocaine. The abduction was preserved here. Ms. Pollack asked for clarification of what the judge was referring to when he referred to this chart with five individuals. So I think we've got plenary review. Your Honor, just to respond briefly to that, I believe that this is a plain error review. I think if we look at the court's recent opinion in Burroughs, it makes clear that although a defendant is not required to object to a judicial ruling after it is made, they are supposed to object when the district court makes clear that the ruling is tentative or invites an additional objection. In this case, the district court did ask defense counsel, was anything unclear, did I make any mistakes? And defense counsel replied no. Right, but she came back later and said, wait, I want to take that back. I do want you to clarify this chart that you referred to and who in particular the five comparators are. Your Honor, that actually occurred prior. The defense counsel first asked, I see it on page 30 of the transcript. I believe after the district court, and I'll pull up, I can get the transcript for you, Your Honor. I believe after the district court addressed Ms. Pollack's question, the district court then asked if anything was unclear or if any mistakes had been made. I will get that transcript for you. Well, she asks for the clarification. She doesn't get it. Your Honor, I think in context, the district court was attempting to clarify. The district court stated that the judge didn't clarify. He didn't come forward with any further information. I think the district court was trying to explain, Your Honor, in the context of the, and while the district court perhaps could have gone into more detail, the district court was trying to explain that in the context of the chart, which the district court had previously stated, involved primarily defendants who had not cooperated, who got either a guideline sentence or slightly below to a factor. That's just not sufficient when the judge uses this chart as a factual input. This is not just an explanation of his exercise of judgment as a rough justice sort of thing. This is a factual input that the judge is inserting into this sentencing proceeding without disclosing what the facts are. Well, Your Honor, I think it would... Keeping those facts close to the vest, and when asked for a clarification, refusing to provide it. Your Honor, I do believe... How can that be acceptable? Your Honor, setting aside whether the district court had attempted to answer defense counsel's question, the district court did immediately go on to say, was anything unclear? Have I made any mistakes? And defense counsel answered no. And defense counsel didn't bring up the suggestion that the district court's answer was vague or uninformative until this appeal. The big difference, though, with Burroughs, as I see it, is the court in Burroughs, the panel opinion there, made clear that the sentence was not yet definitive. And one of the things here that really concerns me is you have the reference to the chart, the little chart, within literally one page in the transcript of the judge announcing the sentence of 240 months. So it's clear from the context that whatever was or wasn't on this little chart played a role in the determination of the sentence. As Judge Sykes is pointing out, defense counsel's asking for the... You know, what are those facts? Who are the other defendants? Give me some more information about the five cases on the chart. And in response to that, received nothing. Well, and, Your Honor, regardless of the standard of review here, I believe that the district court did not air an imposing sentence. I mean, it's one thing for the district court to say, I see a lot of drug cases. I have several of them in mind. I'm really troubled by this, et cetera, et cetera. I think a 20-year sentence is appropriate for this, that, and the other reason. But isn't it different in kind and in substance to say, I have a chart. That chart is influencing my decision here. And that's in substance what the transcript conveys. But yet no access is provided to defense counsel upon request. Well, Your Honor, I think that this goes to actually Judge Easterbrook's point earlier. So we now know that the district court maintains a chart with other defendants with their sentences and perhaps whether there was a factor for variance. And alternatively, had the district court judge just been relying on their memory, is that something that is, in essence, discoverable by the defendant? As Judge Easterbrook pointed out, do we want to be in a position where defense counsel is, in essence, deposing a federal judge? And also, do we want to be in a position where we discourage a federal judge from keeping that kind of chart? Do we want to encourage them to rely on memory, which I would argue is likely to be less accurate? So I think that's an important consideration as well when we're looking at this chart. In any case, here the district court did not rely on inaccurate information in violation of the defendant's due process rights. And I don't believe the district court feels... How can we evaluate that question without the facts? Just accept that he was right about his assertions as to where this defendant fit in the greater scheme of all the defendants on the chart? We don't even know how many defendants are on the chart. He mentioned that there were five that he was comparable to. We don't know the facts of their cases. Your Honor, I think it would be equally hard to know that if the judge said, as I believe judges frequently do, I am thinking of the grand scheme of defendants I have sentenced in this case. And in this case in particular, both the prosecutor and defense counsel had brought up other defendants and their sentences, and we really don't expect the court to come to sentencing with an empty judicial mind. It is natural, in fact, that he would think back to other cases. But in any case here, this is a case where the judge looked at the career offender guidelines. He looked at the 3553A factors. He actually agreed with most of defense counsel's mitigation arguments. He just did not vary as much as the defense counsel had asked him to. Right. The question here is procedural error, whether it's error to key the sentencing decision to an undisclosed fact. And that's what we've got going on here. Again, it's not an exercise of sentencing judgment based on years of experience as a judge, which falls within that vast booker discretion that the judge undeniably is possessed of. It's a specific set of facts that the judge is keeping on his own and relying on in his sentencing decisions and specifically keying the sentence to that set of facts under the 3553A factor of avoiding unwanted sentencing disparities. So, I mean, it's a structural sentencing procedure and set of facts that the judge is incorporating into his decision without disclosing them. Well, Your Honor, even if for the sake of argument we say that it was error for the district court not to provide sui sponte additional information regarding the chart that he had kept, I would argue that that error is not plain and it did not affect the substantial rights of the defendant in this case. Additionally, it's not the kind of error that would seriously affect the fairness, integrity, or public reputation of judicial proceedings. Your Honor, I'd also like to address whether the sentence in this case was substantively reasonable. If the sentence is found to be procedurally sound, the reasonableness of the sentence would be abused, would be reviewed for an abuse of discretion. A below guideline range sentence is viewed as presumptively reasonable and here the district court imposed a sentence that was in fact 22 months below the guideline range. Mr. Farrington has not rebutted that presumption and does not contest the accuracy of the guideline range. And, Your Honor, I see I'm out of time. Thank you, Your Honor. Thank you, counsel. Anything further, Ms. Pollack? I would just conclude by saying that this is not the type of case where a judge expressed a general feeling about drugs in the community or a general feeling about criminal history category. The chart, the other defendants, were inserted into the proceeding by the district court and when asked for clarification, none was given. This is not, I'm not trying to discover the recesses of the judge's mind. I merely want to know why my client was compared to a group of people that I was not able to access. That is a procedural error. The government continues to assert plain error. I think that it has clearly been preserved. The Burroughs case that was mentioned in the 28th J Letter counsel filed was, I believe, an alleged tapia error. The word tapia was never even asserted in front of the district judge. Again, if this court ends up telling me that I have to jump up and down and scream, I will, but I thought I had preserved it by making the request, taking exception from the judge's ruling, and after that I saw no reason to continue since it had been preserved. So my request is a remand for resentencing to remedy the procedural error. Thank you. Thank you very much. The case is taken under advisement.